{¶ 66} I concur in the majority's analysis and disposition of Appellant's second and third assignments of error. I further concur in the majority's disposition of Appellant's first assignment of error, but do so for a different reason.
 {¶ 67} Appellant premises her argument on the claim she did not receive notice of the August 19, 2005 bench trial, from either her former counsel or the trial court. Appellant notes, "There is no evidence in the record, however, to indicate that Appellant Lent has received notice of the hearing". Appellant's Brief at p. 4. Later, Appellant argues, "In the case at bar, Defendant-Appellant's failure to appear on the scheduled date was not a bad faith act. Rather, one mustassume that it was more likely than not lack of notice." Appellant's Brief at p. 13 (Emphasis added).
 {¶ 68} Appellant points to nothing in the record to affirmatively demonstrate she did not have notice of the trial. What Appellant would have us "assume" runs contrary to the presumption of regularity. Accordingly, I concur in the decision to overrule this assignment of error. *Page 1